**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **NO. CR 05-1425 RB** |
| | ) | |
| **JORGE AGUIRRE-MORENO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

**THIS MATTER** came before the Court on the Government's Motion to Admit Evidence (Doc. 39), filed on October 6, 2005.  The Defendant (Jorge Aguirre-Moreno)  filed a response and, on November 7, 2005, I heard argument on this motion.  Additionally, at the hearing, Aguirre-Moreno moved to bar any reference to his handgun possession at the time of his arrest.  Having considered the submissions, arguments of counsel, and being otherwise fully advised, I deny the Government's motion and grant Aguirre-Moreno's motion for the following reasons.

**I.  Background**.

The Government moved to admit evidence derived from Aguirre-Moreno's detention by authorities at mile post 131 of New Mexico State Road 180.  Specifically, the Government sought to admit the evidence as "inextricably intertwined" with the charged crimes.[1]  *See United States v. O'Brien*, 131 F.3d 1428, 1432 (10th Cir. 1997).  As noted *supra*, at the November 7, 2005 motion

---

[1]While the Government styled its motion as "Inextricably Intertwined"/404(b) Notice of Other Crimes, Wrongs or Acts," the Government stated that it did not offer the handgun evidence "as 404(b) evidence, [but] rather [as] evidence that is intrinsic to the crime charged . . ."  *See* Govt.'s Mot. to Admit Evidence at 3.  In any case, at the November 7, 2005 hearing, the Government clarified that it did not seek admission of Aguirre-Moreno's handgun possession as FED. R. EVID. 404(b) evidence of "other crimes, wrongs or acts."

hearing, Aguirre-Moreno moved to bar any evidence of, or reference to, his possession of the handgun at trial.  Aguirre-Moreno is charged with three counts of conspiracy, aiding and abetting, and transporting illegal aliens.  He faces no handgun possession charges.

On April 14, 2005, authorities detained Aguirre-Moreno after clocking him driving 74 miles per hour in a 65 mile per hour zone.  Another vehicle, which appeared to authorities to be traveling in tandem with Aguirre-Moreno's vehicle, was also pulled over at that same time.

Aguirre-Moreno was the only occupant of the vehicle he was driving, a 1991 Chevrolet Suburban with a U-Haul trailer in tow.  The other vehicle -- a 1991 Taurus sedan -- had eight occupants, including the driver, Defendant Abner Aguilar-Betancourt.  All of the occupants of the Taurus proved to be illegal aliens.  Aguirre-Moreno denied traveling with, or knowing, any of the occupants of the Taurus driven by Defendant Aguilar-Betancourt.  Authorities found the following items of note in Aguirre-Moreno's vehicle: (1) the vehicle title to the Taurus; (2) a .9mm handgun; as well as (3) various items, including a grocery bag containing a loaf of bread and sandwich meat, an ice chest with drinks, several clothing items and an "overnight bag."  *See* Govt.'s Mot. to Admit Evid. at 2.

At issue here is the .9mm handgun, which authorities found at Aguirre-Moreno's hip at the time of his April 14, 2005 arrest.  *Id*.  He maintains that the gun belonged to his friend.[2]  Notably, none of the occupants of the Taurus indicated that they had knowledge of Aguirre-Moreno's handgun possession.

---

[2]The Court acknowledges that Aguirre-Moreno submitted the sworn affidavit of Mr. Victor Romero. Therein, Mr. Romero swore that he: (1) is a "personal friend" of Aguirre-Moreno; and (2) "was a passenger in Mr. Aguirre's vehicle and [he] accidentally left [his] gun in [Aguirre-Moreno's] truck prior to April 14, 2005."  *See* Resp. by Def. to Govt.'s Mot. to Admit Evid. Ex. 1 at 1.

**II. Analysis.**

FED. R. EVID. 404(b) – and its mandate that "other bad acts" evidence is impermissible to prove character and limiting the permissible uses of such evidence – "does not apply to evidence that is *intrinsic* to the crime charged." *United States v. O'Brien*, 131 F.3d 1428, 1432 (10th Cir. 1997) (internal quotation omitted) (emphasis added). Evidence is "intrinsic" to the charged crime when the "other bad act" is "*part of the scheme* for which a defendant is being prosecuted" or where it was "*inextricably intertwined*" with the charged act. *United States v. Record*, 873 F.2d 1363, 1372 n.5 (10th Cir.1989) (no definition for, or indication of the breadth of, the term "scheme" provided) (internal quotation omitted) (emphasis added). An "other bad act" is "inextricably intertwined" if a "witness' testimony [regarding the charged conduct] . . . would "be[] *confusing and incomplete* without mention of the prior act." *Id*. (emphasis added).

Likewise, Rule 404(b)'s protections do not apply when the "other bad act" evidence and the charged act are both "part of a *single criminal episode* or the other acts were *necessary preliminaries* to the crime charged." *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir. 1993) (emphasis added). *Accord United States v. Armour*, No. 04-3003, 112 Fed. Appx. 678, 680 (10th Cir. Oct. 13, 2004) (citing *Lambert*). It is also clear that "[e]vidence that is directly probative of an element of the charged crime is not covered by Rule 404(b)."[3] *United States v. Whitaker*, No. 00-1231, 6 Fed. Appx. 816 (10th Cir. Apr. 12, 2001).

The Court of Appeals for the Tenth Circuit has addressed the distinction between "extrinsic" and "intrinsic" evidence of "other bad acts" in many different contexts. Yet, it has not considered the

---

[3]Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is admissible to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *See* FED. R. EVID. 404(b).

issue where, as here: (1) gun possession is the "other bad act" evidence in question; (2) the defendant is not charged with gun possession; and (3) gun possession was not a "necessary preliminar[y] to the crime charged." *See Lambert*, 995 F.2d at 1007. In any event, "[s]uch intrinsic 'other act' evidence, although not excluded by 404(b), is still subject to the requirement of FED. R. EVID. 403 . . ." *Lambert*, 995 F.2d at 1007-08.

Here, there is no allegation that Aguirre-Moreno reached for, or touched, the handgun that authorities found at his side during his detention, and subsequent arrest, by police. At the same time, it is undisputed that the .9mm handgun was seized from the vehicle driven by Aguirre-Moreno when authorities arrested him. *Compare* Govt.'s Mot. to Admit Evid. at 1-2 (arguing that Aguirre-Moreno's handgun possession is "inextricably intertwined" with the underlying charge for transporting illegal aliens), *with*, *e.g.*, *Whitaker*, 6 Fed. Appx. at 821 (holding testimony, that defendant was observed "with the actual weapon [the defendant] is *charged with possessing*," to be "intrinsic to the crime charged" because it was "direct evidence of the possession element of the charged crime) (emphasis added), *and Lambert*, 995 F.2d at 1007-08 (holding testimony, that the defendant "inspect[ed] and select[ed] possible targets . . ." other than the bank ultimately robbed, to be "intrinsic to the crime charged" because such conduct is "*standard operating procedure*" in bank robbery) (emphasis added). Assuming, without deciding, that Aguirre-Moreno's handgun possession constitutes an "other bad act" that is "intrinsic" to the crime charged, the Court finds that this evidence is, in any case, inadmissible. *See* FED. R. EVID. 403.

Rule 403 provides that relevant evidence may nonetheless be "excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues or misleading the jury . . ." *Id.* Aguirre-Moreno's possession of the weapon is inapposite to the alien transportation

charges he faces.  Indeed, his handgun possession carries little probative value as to the question of whether Aguirre-Moreno knew that the other vehicle carried illegal aliens, compared to the risk of prejudice to Aguirre-Moreno.  Therefore, because the probative value of this evidence is minimal and its admission would substantially prejudice Aguirre-Moreno, Rule 403 bars its admission.  Likewise, any reference to the handgun at trial would be substantially prejudicial to Aguirre-Moreno and would have minimal probative value.

For the forgoing reasons, the Government's motion is denied and Aguirre-Moreno's motion is granted.

**IT IS SO ORDERED**.

_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**